**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES DISTRICT JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7780**<br>**Fax (410) 962-1812** |

May 21, 2024

LETTER TO COUNSEL

      RE:    *Mary Ann H. v. Commissioner, Social Security Administration*
               Civil No. SAG-23-2593

Dear Counsel:

On September 25, 2023, Plaintiff petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") decision to deny her claim for benefits. ECF No. 1. Having reviewed the record (ECF No. 9) and the parties' briefs (ECF Nos. 10, 12, 15), I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). I must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under these standards, I will reverse the SSA's decision and remand the case to the SSA. This letter explains my rationale.

      **I.**      **PROCEDURAL BACKGROUND**

Plaintiff applied for supplemental security income benefits on July 31, 2020, alleging a disability onset of April 1, 2014. Tr. 17. The claim was denied initially and on reconsideration. *Id.* An Administrative Law Judge ("ALJ") held a hearing on October 26, 2022. *Id.* On January 6, 2023, the ALJ determined that Plaintiff was not disabled. Tr. 14–38. The Appeals Council denied review, Tr. 1–6, so the ALJ's decision is the final, reviewable decision of the SSA, *see Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

      **II.**     **THE ALJ'S DECISION**

The Social Security Act[1] defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The SSA evaluates disability claims using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that

---

[1] 42 U.S.C. §§ 301 et seq.

met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since July 31, 2020, the application date." Tr. 19.  The ALJ then determined that Plaintiff had the following severe impairments: degenerative disc disease, obesity, asthma, and major depressive disorder. *Id.*  The ALJ found that Plaintiff's hypertension, hyperaldosteronism, renal insufficiency, hypertensive retinopathy, retinal detachment, degenerative joint disease, gastroesophageal reflux disease, chronic kidney disease, dyslipidemia, cerebral vascular accident, and cataracts were non-severe. *Id.*  The ALJ also found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 21.  The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except she can occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, or crawl; and tolerate occasional exposure to extreme cold, vibration, fumes, odors, dust, gas, or poor ventilation. The claimant can tolerate no exposure to hazards, such as moving machinery and unprotected heights. She can understand, remember, and carry out simple instructions, use judgment to make simple work-related decisions, deal with occasional changes in a routine work setting, and [have] occasional interaction with coworkers and the public.

Tr. 24–25.  Because Plaintiff could perform jobs that existed in significant numbers in the national economy, the ALJ determined that she was not disabled. Tr. 31–32.

## III.   LEGAL STANDARDS

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  The ALJ's factual findings are conclusive if supported by "substantial evidence," 42 U.S.C. § 405(g), which is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id.*  In conducting the substantial-evidence inquiry, the Court considers whether the ALJ "analyzed all evidence" and "sufficiently explained the weight [they have] given to obviously probative exhibits[.]" *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997).

## IV.   ANALYSIS

On appeal, Plaintiff argues that: (1) substantial evidence does not support the RFC assessment because the ALJ erroneously assessed several medical opinions and (2) the ALJ erroneously failed to consider Plaintiff's illiteracy, her need for a cane, her need for the option to alternate between sitting and standing while working, and her need to elevate her legs.  ECF No.

10 at 13–26. Defendant counters that: (1) substantial evidence supports the RFC assessment; (2) the ALJ evaluated the medical opinion evidence in accordance with governing law; and (3) substantial evidence supports the ALJ's step-five determination regarding Plaintiff's educational level. ECF No. 12 at 6–18.

A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. § 416.945(a). Social Security Ruling[2] ("SSR") 96-8p sets forth the process for assessing RFC and explains that the RFC assessment must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, 1996 WL 374184, at *7. The ruling also requires an ALJ to resolve any conflicts between the RFC assessment and the record's medical source opinions. *See id.* In cases that reach step five of the sequential evaluation process, an ALJ must pose hypothetical questions to a vocational expert to determine whether the claimant's RFC precludes them from performing jobs existing in substantial numbers in the national economy. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005).

Here, the ALJ found the opinion of Dr. Miles Diller to be persuasive because it was "consistent with the medical evidence of record and supported by [an] independent examination." Tr. 30. Among other things, Dr. Diller opined that Plaintiff "can do simple and repetitive tasks in a well-structured and well-monitored setting[.]" *Id.* The ALJ specifically observed that this finding was "consistent with" testing that occurred during Dr. Diller's consultative examination. *Id.* But, as Plaintiff correctly notes, the ALJ "did not include a limitation for structure and supervision" in the RFC assessment despite having found Dr. Diller's opinion to be persuasive. ECF No. 10 at 15 (citing Tr. 24–25).

Having carefully reviewed the record, the Court determines that the ALJ committed reversible error. SSR 96-8p provides that "[i]f the RFC assessment conflicts with an opinion from a medical source," the ALJ must "explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7. The ALJ contravened this requirement by failing to explain why Dr. Diller's ostensibly persuasive opinion regarding Plaintiff's need for a well-structured and well-monitored work setting was not incorporated into the RFC assessment.

The Court cannot conclude that this error was harmless. During the hearing, a vocational expert testified that an employee's need to have their work "monitor[ed] . . . throughout the day" would not be tolerated by an employer. Tr. 59. The vocational expert did not opine as to whether the need for a well-structured work setting would preclude employment. Because an ALJ must ensure that the questions posed to a vocational expert "adequately capture and recite all" of a claimant's limitations, *Ramirez v. Barnhart*, 372 F.3d 546, 555 (3d Cir. 2004), and because the

---

[2] Social Security Rulings ("SSRs") "constitute the [SSA's] interpretations of the statute it administers and of [the SSA's] own regulations." *Chavez v. Dep't of Health & Hum. Servs.*, 103 F.3d 849, 851 (9th Cir. 1996). While they "do not have the force of law," SSRs "are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass v. Chater*, 65 F.3d 1200, 1204 n.3 (4th Cir. 1995).

vocational expert's testimony suggests that the limitations discussed above may preclude work, the ALJ's failure to properly assess Plaintiff's RFC may have been consequential at step five.

In sum, the ALJ's contravention of SSR 96-8p leaves the Court "to guess" at whether the RFC assessment captures the full extent of Plaintiff's mental limitations, which makes remand necessary.  *Mascio v. Colvin*, 780 F.3d 632, 637 (4th Cir. 2015).  After conducting an RFC assessment that complies with SSR 96-8p (and after eliciting testimony from a vocational expert that clarifies whether the limitations set forth in that assessment are work-preclusive), an ALJ may determine that Plaintiff lacks the RFC to perform work existing in significant numbers in the national economy.  Accordingly, the Court must remand this case for further analysis.

## V.    CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g).  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge